IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH EDWARD WILKINS, #337388    *
                Plaintiff,
      v.                                       *    CIVIL ACTION NO. AW-13-cv-1738

DEPARTMENT OF PUBLIC SAFETY    *
   AND CORRECTIONAL SERVICES
               Defendant.    *
                                                    ***

**MEMORANDUM**

Plaintiff is a Maryland Division of Correction ("DOC") inmate housed at the Jessup Correctional Institution ("JCI"). On June 14, 2013, the court received for filing this self-represented 42 U.S.C. § 1983 civil rights action, in which Plaintiff complains that on July 13, 2005, he was released into the custody of Prince George's County, Maryland for re-sentencing and was transferred without the proper processing or inventorying of his personal property. (ECF No. 1). He claims that he was returned to the DOC a year later and began seeking the return of his property. Plaintiff asserts that as a result of staff negligence his property was lost. He seeks replacement or reimbursement of his lost property at store value. (*Id.*) Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be summarily dismissed.[1]

---

[1] Plaintiff names the Maryland Department of Public Safety and Correctional Services (DPSCS") as the sole Defendant. The DPSCS, however, is a principal department of the State government. *See* Md. Code. Ann., Corr. Servs., Art., § 2-101. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).

To the extent that Plaintiff is claiming that his property was destroyed or lost in 2005, no constitutional claim has been stated. In the case of lost or stolen property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

Further, in enacting § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*., at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury. *Id*. While Plaintiff

---

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing Plaintiff's due process claims.

seemingly complains about his 2005 property loss, he is barred from proceeding on the claim which accrued more than three years prior to the filing of his action.

Because Plaintiff's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[3] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[4] This constitutes the first § 1915(e) strike to be assessed against Plaintiff. A separate order follows.

Date: June 25, 2013.

/s/
Alexander Williams Jr.
United States District Judge

---

[3] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.